Justice Moore, having been of counsel, did not sit in these cases.

---

THE H. & T. C. R. W. Co. v. THOMAS GREENWOOD.

In order to give the Supreme Court jurisdiction in cases of appeal brought up on certificate, whenever the transcript does not contain copies of the proceedings sufficient of themselves to show that this court has juris-diction of the case, then the transcript must at least contain a copy of the judgment and a certificate of the clerk, stating the time when the appeal was perfected, and in cases of writ of error stating the time when the citation in error was served on the defendant or service of it acknowledged.

APPEAL from Travis.     Tried below before the Hon. J. P. Richardson.

*Shepard, Searcy & Shepard*, for appellee.

Judgment rendered Nov. 6, 1873. . 3737.     THOMAS GREENWOOD v. HOUSTON AND TEXAS CENTRAL RAILWAY COMPANY.

And now on this day came the parties to this cause by their attorneys and announced ready for

trial. Whereupon came a jury of twelve good and lawful men of Travis county, consisting of J. H. Walker and eleven others, duly tried, elected, impanneled and sworn, who having heard the pleadings read, the evidence, argument of counsel, and the charge of the court, retired for deliberation. Whereupon said jury returned into court the following verdict, to-wit :

"We, the jury, find for plaintiff ($207$\frac{75}{100}$) two hundred and seven dollars and seventy-five cents in coin.

"J. H. WALKER, Foreman."

Whereupon, it is ordered, that Thomas Greenwood do have and recover of the Houston and Texas Central Railway Company the sum of two hundred and seven and $\frac{75}{100}$ dollars, and that said railway company be adjudged to pay the cost of suit, for which execution may issue.

Appeal bond filed Nov. 27 1873.

THE STATE OF TEXAS, ⎫
*County of Travis.* ⎬

Know all men by these presents, that we, the Houston and Texas Central Railway Company, as principal, and —————— as sureties, are held and firmly bound unto Thomas Greenwood in the sum of five hundred dollars, for the payment whereof, well and truly to be made, we bind ourselves, all and each of our heirs and legal representatives, jointly and severally, firmly by these presents, signed with our hands and sealed with our seals (using scrolls by way of seals), this twenty-sixth day of November, 1873.

Now the condition of the foregoing obligation is such, that whereas, in the District Court of Travis county, at the October term thereof, 1873,

in the cause No. 3737, of Thomas Greenwood v. The Houston and Texas Central Railway Company, said court rendered judgment against the said railway company, defendant, for the sum of two hundred and seven and $\frac{75}{100}$ dollars and costs, and said defendant having given notice in open court of an appeal to the Supreme Court; now if said Houston and Texas Central Railway Company, appellant, shall prosecute their appeal with effect, and shall perform the judgment, sentence or decree of the Supreme Court, in case the decision of the said court shall be against said appellant, then this obligation is to be null and void, otherwise to be and remain in full force and virtue.

THE HOUSTON AND TEXAS CENTRAL RAIL-
[Seal]     WAY COMPANY, BY JAMES H. BELL,
ATTORNEY IN FACT.

[Seal]                    F. EVERETT.
[Seal]                    WM. BRUEGGERHOFF.
    Approved Nov. 27, 1873.

F. BROWN, Dep. Clerk.

(Endorsed.)    3737.    Thomas Greenwood v. Houston and Texas Central Railway Company. Appeal bond.    Filed November 27, 1873.

F. BROWN, Dep. Clerk.

Certificate.    THE STATE OF TEXAS, }
*County of Travis.*        }

I, Frank Brown, Clerk of the District Court within and for the county and State aforesaid, hereby certify the foregoing to be a true copy of the final judgment rendered by said court on the 6th November, 1873, in the cause, No. 3737, of Thomas Greenwood v. The Houston and Texas Central Railway Company, and of the ap-

peal bond filed and approved in said cause on the twenty-seventh of November, 1873, in accordance with the notice of appeal entered, and that the appeal was perfected in said cause on the twenty-seventh day of November, 1873.

In witness whereof I hereunto place my [L. S.] hand, and the seal of said court, this April 25th, 1874.

FRANK BROWN,
Clerk D. C. T. C.

ROBERTS, CHIEF JUSTICE.—A judgment of affirmance is asked on the above transcript of the judgment, appeal bond, and certificate of clerk, under the statute, which reads as follows: "In case the appellant or plaintiff in error shall fail to file a transcript of the record, as directed in the two preceding sections, then it shall be lawful for the appellee or defendant in error to file with the clerk of the Supreme Court a certificate of the clerk of the district in which any such appeal or writ of error may have been taken, attested by the seal of his court, and *stating the time when such appeal was perfected or such citation was served;* whereupon it shall be the duty of the Supreme Court to affirm the judgment of the court below, unless good cause be shown why such transcript was not filed by the appellant or plaintiff in error; and in cases where a bond has been given by the appellant or plaintiff in error, if a copy of such bond accompanies such certificate of the clerk, the judgment shall in like manner be affirmed against the sureties in such bond." (Paschal's Digest, Art. 1589.)

It will be perceived that this transcript sets forth the judgment, the appeal bond in proper form, and the certificate of the clerk "that the appeal was perfected in said cause on the twenty-seventh of November, 1873," in exact conformity to the statute above quoted.

The certificate recites that notice of appeal was given, but the transcript does not contain a copy of the notice of appeal as it is recorded in the minutes of the court, and the question is, is that necessary to give this court jurisdiction, when the clerk has properly stated in the certificate the time when the appeal was perfected, as it has been done in this case? The question is not, must notice of appeal be given?—for that is well established—but, how is that fact, which is of record in the court below, to be made known to this court? In an able and elaborate opinion delivered by Justice Gray (who is not now on the bench), it was stated that it should be made known to this court by a copy of the notice of appeal, inserted in the transcript just as it stands on the minutes of the court, and also by the certificate of the clerk, strictly in conformity to Article 1589, above quoted, stating the time when the appeal was perfected. (House & Co. v. Burnett, *ante*, 346.) It was not necessary to have gone to that extent in that case, as there was no such copy of notice of appeal, nor a proper certificate from which the court could be informed of that fact, necessary to the jurisdiction of the court. Since the decision in that case, a large number of cases have been sent up to this court for affirmance on certificate, in none of which does the transcript contain a copy of the entry of notice of appeal, and in most of them that fact is evidenced by the statement in the certificate of the clerk, that "the appeal has been perfected" at a stated time. This has led to a more thorough examination into the cases decided upon certificate, including many unpublished cases extending back as far as 1851, shortly after the passage of the law authorizing this proceeding by certificate. In some of them the transcript contains a copy of the notice of appeal; in others not. But when it does, it does not also contain the statement in the certificate of the clerk that the appeal has been perfected. In the cases brought up by writ of error, the

transcript rarely is found to contain the petition or cita-
tion in error, which are equally important to give this
court jurisdiction, as notice of appeal ; but their exis-
tence in the case is made known to this court by the state-
ment of the clerk in the certificate, that "the citation has
been served" on the defendant in error, as required in
the statute.  If it be held that a copy of the notice of
appeal must appear in the transcript in an appeal case, it
should likewise be held that the petition in error, the ci-
tation, and return of the sheriff thereon, should be cop-
ied into the transcript.  And in the few cases found
where that has been done, the clerk has not in addition
thereto certified that "the citation has been served."  It
is found, through a long period, that the court has as-
sumed jurisdiction when the transcript of the record
showed copies of such entries as in and of themselves ex-
hibited the facts necessary, and also when it contained
copies of the judgment (and bond when necessary) and
a certificate that the appeal was perfected, just as the
transcript has been made out and sent up in this case.

The opinion referred to states, "that there must be a
certified transcript of the judgment and notice of appeal,
and that the certificate of the clerk should state, in the
exact terms of the statute, when the appeal or writ of er-
ror was perfected."  This, when applied literally, might
be construed to require the exact compliance with the
statute in the certificate of the clerk, stating that "the
appeal had been perfected," in cases where copies of such
proceedings appeared in the transcript, sufficient to give
this court jurisdiction, as a certified copy of the judg-
ment, of notice of appeal, and of an appeal bond filed
and approved within the twenty days, after judgment,
etc.  Also, that it required less to be shown in a writ of
error than in an appeal.  After a full consideration of
the subject practically, and in view of a long line of prec-
edents with but little variation for more than twenty

years under that statute, it is deemed appropriate to state the rule, as we now understand it to be, that in order to give this court jurisdiction in cases of appeal brought up on certificate, whenever the transcript does not contain copies of the proceedings sufficient in and of themselves to show that this court has jurisdiction of the case, then the transcript must at least contain a copy of the judgment and a certificate of the clerk stating the "time when the appeal was perfected;" and in cases of writ of error, stating "the time when the citation in error was served" on the defendant, or service of it acknowledged or waived, in substantial compliance with the statute previously quoted, upon which this proceeding is found. Under this rule the transcript, presenting as it does a copy of the judgment, and of the appeal bond, and a certificate of the clerk stating that "the appeal was perfected in said cause on the twenty-seventh day of November, 1873" (according to the terms of the statute), is sufficient, as it has often been before held, to authorize a judgment of affirmance by this court.

AFFIRMED.

Opinion delivered July 14, 1874, and directed to be reported in connection with the foregoing case of House & Co. v. Burnett.